## Haymarket Theater Co. v. Samuel Rosenberg.

1. NEGLIGENCE—*Leaving Door of Elevator Open.*—Leaving the door to the passenger elevator shaft open and unguarded, so that persons taking the usual course to enter the elevator car might fall down the shaft, is negligence under the circumstances shown in this case.

2. PRACTICE—*Entering a Remittitur.*—It is the settled law of this State, at least for this court, that a trial judge may require the entering of a remittitur as a condition to its refusing to grant a motion for a new trial.

3. RECORDS—*Supplying Lost Instructions.*—Substitutes for instructions given in a suit, but lost, can not be inserted in the bill of exceptions where there is no note or memoranda made by the court as to said instructions, upon which to base the substitutes.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1897. Affirmed. Opinion filed May 31, 1898.

GEO. W. STANFORD and CHARLES B. STAFFORD, attorneys for appellant.

C. S. O'MEARA, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

At the time of the injury complained of the appellant was the owner of the building known as Haymarket Theater building. The front portion of that building was used for stores on the main floor and above that was rented for offices. The rear portion was used as a theater. There was a passenger elevator in the building for the use of the tenants and others wishing to reach the floors above the stores. Appellee was a tenant in said building, occupying a portion of one of the office floors. The morning of June 21, 1895, appellee, when proceeding to his office, in attempting to enter the elevator in said building at the main floor, fell down the elevator shaft to the basement. The door to the elevator shaft was open and the elevator car was above the main floor.

Considerable space is devoted to the question of whether the hall leading to and about the elevator on the main floor was properly lighted. That was a question of fact for the jury which was fairly presented by the testimony and properly submitted. Leaving the door to the passenger elevator shaft open and unguarded, so that persons taking the usual course to enter the elevator car might fall down the shaft, was negligence under circumstances shown in this case. All the facts and circumstances were fairly submitted to the jury.

Appellant contends that the amount of the judgment is excessive. The verdict of the jury was $5,000. The trial court required plaintiff to remit $2,000 and entered judgment for $3,000. It is the settled law of this State, at least for this court, that a trial judge may require the entering of remittitur as a condition to its refusing to grant a motion for a new trial, and it must therefore be held that there was no error in this case in that regard. While the amount of the judgment is, as it seems to us, too large, yet we can not say that it is so excessive as to warrant a reversal for that reason.

April 24, 1897, final judgment was entered and leave given to appellant to file its bill of exceptions. June 22, 1897, by agreement of parties it was by the court " ordered that the time to restore the missing instructions in this cause and to file the bill of exceptions herein be and the same is hereby extended ten days." It is conceded by both parties that the original instructions asked, those refused as well as those which were given, are lost and are not in the transcript of record filed in this court. Such instructions were not nor were any of them restored within the time limited by said order, or at any other time. There is no further or other order of court referring to the instructions. In the certificate of the trial judge to the bill of exceptions is the following statement:

" This bill of exceptions does not contain six instructions which were tendered to the court for the plaintiff by the plaintiff's counsel at the close of this trial, and three of which were given to the jury and so marked, and the remaining three of said instructions were refused to be given to the jury by the court, and so marked; and this bill of exceptions does not contain the actual instructions tendered by the defense, and which the court refused to give to the jury; all of the said instructions herein referred to were lost or mislaid, and diligent search made for them by the court, by counsel for both parties, and by the clerks of the court, without success. The instructions inserted in this bill as defendant's refused instructions are substitutes for the lost instructions filed by leave of court, and are substantially accurate reproductions of the originals tendered to and refused by the court at the trial. These substituted instructions were prepared by counsel for defendant from his original minutes and recollection of the lost instructions. The plaintiff's instructions, both refused and given, did not, however, cover the question of independent contract, which is raised in this case by the defendant's refused instructions."

There is no pretense or claim that appellee's instructions have been restored. The court says that they did not "cover" the question of independent contract. That ques-

tion has been argued quite at length in the briefs and arguments filed here.  It is stated that the instructions inserted in the bill of exceptions as defendant's are "substitutes" only, and are "substantially" accurate reproductions, and that they "were prepared by counsel for defendant from his original minutes and recollections of the lost instruc-. tions."

It will be noticed that there is no note or memoranda made by the court as to said instructions, upon which to base the substitutes, and that the judge does not even state that he has a recollection as to the contents thereof.  There is no record of any leave of court to file the substitutes. There is no affidavit, not even a personal statement by appellant's attorneys, that the substitutes are copies or accurate reproductions.  Their "minutes" are not shown, nor is there any statement by them, or either of them, that they have any definite recollection even as to the contents or form of the lost instructions, or any of them.  It will not do to make up a record in this manner.  We can not consider the so-called substitutes as being a part of the record.

The judgment of the Superior Court is affirmed.